UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY C. HAYES III,

                Plaintiff,

-against-

JOHN DOE,

                Defendant.

1:23-CV-3705 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 5, 2023, the Court dismissed this action for lack of subject matter jurisdiction. (ECF 4.) The Court, however, granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 60 days' leave to replead his claims an in amended complaint. The Court granted him leave to amend his complaint to allege fact showing that the court has subject matter jurisdiction of this action; to the extent that Plaintiff is asserting claims under state law under the court's diversity jurisdiction, the Court granted him leave to amend his complaint to allege facts showing that the court has such jurisdiction of this action. (*Id.* at 5.)

On August 2, 2023, Plaintiff filed an amended complaint naming his unidentified landlord, "John Doe," as a defendant.[1] In his amended complaint, Plaintiff seeks damages,

---

[1] In his original complaint, Plaintiff seemed to allege that his landlord was known as 48-52 South 2nd Avenue LLC, a limited liability company; he provided two mailing addresses for that entity — one located in Mount Vernon, New York, and another that is a post office box located in Lakewood, New Jersey. Thus, in directing Plaintiff to amend his complaint to allege facts showing that the court has diversity jurisdiction to consider his claims under state law, the Court directed Plaintiff to show that none of the members of that limited liability company is a citizen of the same State that he is a citizen of. (ECF 4, at 5.) In his amended complaint, however, Plaintiff refers to the defendant, his landlord, as an unidentified "John Doe," does not specify the defendant's state citizenship, and provides only the Lakewood, New Jersey, post office box as the mailing address for the defendant. Because, in his amended complaint, Plaintiff refers to the defendant as "John Doe," the Court now understands the defendant to be an individual and not a limited liability company.

invokes the court's federal question jurisdiction, and asserts that the basis for that jurisdiction is "[a] landlord has 24 hours to fix immediately hazardous conditions, 30 days for hazardous conditions and 90 days for non-hazardous conditions. Fourteenth Amendment [*sic*]." (ECF 5, at 2.) The Court construes Plaintiff complaint as asserting claims of federal constitutional violations, under 42 U.S.C. § 1983, under the court's federal question jurisdiction, as well as claims under state law, under the court's supplemental jurisdiction. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's allegations in his amended complaint and its attachments are similar to those that he made in his original complaint. They concern an apartment in Mount Vernon, New York, that he rented between June 2018 and June 2021 or 2022. Plaintiff alleges the following in his amended complaint and its attachments: When he moved into the apartment, the tenant who lived in the apartment before him warned him about leaks in the apartment's bedroom and "front room." Four years later, the ceilings in those rooms collapsed. Because the refrigerator, freezer, stove, and oven did not work, Plaintiff asked the landlord for those appliances to be replaced. The bathroom door came off its hinges, so Plaintiff also asked the landlord for that door to be fixed. For three years, those requests to the landlord were ignored.

The front door to the apartment was broken into several times; Plaintiff asked the landlord to repair the door, and it was repaired. Plaintiff, however, was assaulted by the people who broke into the apartment and, as a result, he suffered multiple concussions. He lost his job as a result of those injuries.

## DISCUSSION

A.  **Constitutional claims under 42 U.S.C. § 1983**

The Court must dismiss Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983. To state a claim on which relief can be granted under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Plaintiff asserts claims against his unidentified landlord, "John Doe," who appears to be a private individual, and does not allege any facts that show that his landlord was acting under color of state law when he allegedly injured Plaintiff. Thus, the landlord does not appear to have been a state actor when he allegedly injured Plaintiff. The Court therefore dismisses Plaintiff's claims of federal constitutional violations under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).[2]

**C.     Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the original complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d

---

[2] To the extent that Plaintiff is attempting to assert, in response to the Court's July 5, 2023 order, claims under state law under the Court's diversity jurisdiction, the Court must also dismiss those claims. Plaintiff, in his amended complaint, while not specific, seems to allege that he is a citizen of the State of New York. (ECF 5, at 3.) He does not, as directed by the Court in its July 5, 2023 order, however, allege facts showing the state citizenship of the defendant, his unidentified landlord, "John Doe." (*See* ECF 4, at 5.) Rather, he merely provides, as the landlord's mailing address, a post office box address that is located in Lakewood, New Jersey. (ECF 5, at 4.) Accordingly, because Plaintiff does not allege facts showing that he and the defendant are citizens of different States, to the extent that he asserts claims under state law under the Court's diversity jurisdiction, the Court alternatively dismisses those claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1); Fed. R. Civ. P. 12(h)(3).

Cir. 1988). Because Plaintiff has not cured his original complaint's deficiencies, the Court declines to grant him another opportunity to amend.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, 28 U.S.C. § 1367(c)(3). The Court alternatively dismisses Plaintiff's claims under state law for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for this action.

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge